December 11, 1860.

## SUPREME COURT—IN ADMIRALTY.

### MANUEL VIEIRA *vs.* NATHANIEL W. SOWLE.

RESPONDENT filing no answer, the libel was taken *pro confesso*, and libellant permitted to support his libel by *ex parte* proofs.

The protest by the Consul of the United States to the jurisdiction, overruled on the same grounds that were assigned by the full Court in the recent case of Enos *vs.* Sowle.

Before Justice ROBERTSON.

This is a libel in a cause of damage, filed by Manuel Vieira, a native of Pico, Western Islands, against Nathaniel W. Sowle, master of the American whaleship "Montreal," claiming damages for alleged personal injuries.

The libellant alleges, in substance, that he shipped as cabin boy on board of the "Montreal," at Honolulu, in the month of November, 1859, and sailed in said vessel to Guam, Nangasaki, the Japan Sea, and northern seas, on a whaling cruise, and returned to Honolulu last month; and that during such cruise the respondent, by force and threats, succeeded in treating the libellant in an unnatural manner, repeatedly committing upon him the act of sodomy, and compelling him to submit to other unnatural indulgences, which caused him much pain and suffering.

The Consul of the United States, at Honolulu, has filed a protest against the Court taking jurisdiction in the case, upon the same grounds that he protested against the jurisdiction in the recent case of Manuel Enos (Ignacio) *vs.* N. W. Sowle, which was a suit based upon the same cause of action. In that case the protest was overruled by the full Court, for reasons assigned at length in their decision. The protest in this case is likewise overruled, upon the grounds that the libellant did not, by having shipped for service on board of an American ship, lose his Portuguese nationality, and become a citizen of the United States within the meaning of the twenty-first article of the treaty with France ; that the cause of action is not a matter relating to the *internal order*, on board of the ship "Montreal," within the purview of the aforesaid treaty ; and that the libellant is no longer a seaman attached to the ship "Montreal," nor entitled to any privilege, or subject to any disability, resulting from that relation, but is here at present as a subject of the King of Portugal, temporarily resident within this Kingdom, claiming to have a right of civil action against the respondent for damages, which action can only be entertained here by the local tribunals. I have enumerated these three several grounds, although I regard the first as being of itself decisive of the question.

With all due respect to the representative of the great and friendly nation, under whose authority this protest is presented,

I must say the assumption that the Consul of the United States has any power to object to the jurisdiction of the Court in this case, or to hear and determine this controversy himself, by virtue of any treaty stipulations to which his Hawaiian Majesty is a party, seems to me so untenable as not to admit of argument. Doubtless, many cases may arise, affecting the crews, and the internal order, on board of American ships, in which the local authorities have no right to interfere without the consent of the Consuls, but this is not one of those cases.

The defendant filed no answer in the cause, but suffered a default to be entered against him, whereupon, in conformity with Admiralty practice, the libel was ordered to be taken *pro confesso*, and the libellant was permitted to support his libel by *ex parte* proofs.

The evidence, in my opinion, is conclusive. The same unlawful and unnatural treatment, upon which the Court had occasion to animadvert in the case of Manuel Enos (Ignacio), was practiced upon Manuel Vieira, beyond a doubt. Through the beastly propensities of the respondent, the libellant has been made the victim of a course of abuse, calculated to injure and debase him physically, mentally, and morally, for which money can never make full amends. Of somewhat more mature age, and of stronger frame, however, than Manuel Enos, he has probably endured far less actual pain and suffering ; nor has he, like him, been subjected to years of persecution ; and the Court will accordingly award a less amount of damages in this case than was given in the former.

Let a decree be entered in favor of the libellant for the sum of fifteen hundred dollars, and the costs of suit.

Messrs. Harris and Montgomery for the libellant.

Mr. Bates for respondent.